# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1057

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Michael W. Smith, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 25, 2009
Filed: October 30, 2009

_____

Before BYE, ARNOLD, and SMITH, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Michael Smith appeals from his sentence of 293 months' imprisonment after he pleaded guilty to producing child pornography, *see* 18 U.S.C. § 2251(a). He maintains that the district court[1] erred in determining his criminal history category under the United States Sentencing Guidelines and that the government failed to keep its promise to recommend that the district court sentence him to a term of 210 months. We dismiss the appeal.

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

The government moved to dismiss this appeal because Mr. Smith waived his right to appeal in his plea agreement. Section 2(C)(1)(b) of that agreement, as relevant, provides that the defendant waives his right to appeal "all sentencing issues" if the district court accepts the recommendations that the parties agreed to and "sentences the defendant within that range." The difficulty is that while there is no sentencing recommendation agreed to by the parties that the district court did not accept in fixing Mr. Smith's sentence, there was no recommendation as to the appropriate criminal history category and thus there was no recommended range. If the promise were taken quite literally, therefore, the waiver would not apply in this case because the sentence was not "within that range" (a recommended range being nonexistent), but we think that only a very technical and thus inadmissible construction of the agreement would lead to that conclusion. The manifest purpose of the clause under discussion is to render a sentence unappealable unless the district court did not accept a recommendation to it contained in the plea agreement. On this reading, which seems to us the only reasonable one, it appears to us that the appeal should be dismissed. *See United States v. Andis*, 333 F.3d 886 (8th Cir. 2003) (en banc).

Even if the foregoing provision of the plea agreement does not require us to dismiss the appeal in its entirety, § 3F quite clearly bars Mr. Smith's appeal of the district court's determination of his criminal history category, because that clause states flatly that "all decisions as to the appropriate Criminal History Category by the Court are final and not subject to appeal."

Finally, assuming again that any part of this appeal could somehow avoid the waiver in § 2(C)(1)(b) of the plea agreement, we see no merit in Mr. Smith's argument that the government did not keep its promise to recommend that the district court sentence him to a 210-month term. It is true that the government, after specifically recommending the agreed-upon term, indicated that it had agreed to do so based on an assumption that Mr. Smith's criminal history category would be lower than the one

that the district court selected. Mr. Smith argues that this was a hint on the government's part that it was actually less than enthusiastic about its recommendation, thus undermining its supposed recommendation and acting contrary to the duty that it undertook in the plea agreement. Perhaps this revelation on the government's part might better have gone unspoken, but we are not inclined to hold on this basis that the government broke its promise, especially since the district court found that the government's counsel "did nothing today but ask me to impose a 210-month sentence."

The district court also specifically indicated that the government's hint, if it was one, as to the sentence that it actually preferred had had no influence on the sentence that the court ultimately fixed, and it gave reasons. That being the case, even if the government violated its agreement here, the breach was harmless and so could not be the basis for any relief to Mr. Smith. *See United States v. E. V.*, 500 F.3d 747, 754-55 (8th Cir. 2007).

Dismissed.

_____